PEARSON, Judge.
This is an appeal by the plaintiffs from a summary final judgment entered for the defendants in an action brought under the guest statute, § 320.59, Fla.Stat., F.S.A. Appellant Sherri Ann Blodgett was a passenger in an automobile driven by appellee Jay A. Glatz and owned by appellee Donald A. Ashley.
The complaint alleged, among other things, that Sherri sustained injuries because of the grossly negligent driving of Jay Glatz. The appellees’ answer denied the material allegations of the complaint. Extensive discovery proceedings were had. Upon motion of the appellees the trial court entered summary final judgment in their favor.
The collision in which Sherri was injured occurred when Jay attempted to cross the Palmetto Expressway at the point where it was intersected by Northwest 67th Avenue. This intersection has since been eliminated by the construction of an overpass. But at the time of the collision the Palmetto Expressway at Northwest 67th Avenue consisted of a two-lane eastbound roadway and a two-lane westbound roadway which were separated by a median strip. Jay was driving north on northwest 67th Avenue. He stopped when he came to a stop sign at the expressway and then proceeded to cross the eastbound roadway and slowed as he came to the median. From this juncture the description of the sequence of events in Jay’s deposition varies materially from the description in Sherri’s deposition.
Jay deposed that he looked to his right (west) as he arrived at the median and did not see a car approaching. Then: “* * I pulled out and I heard my date [a young lady named Sharon] say, ‘Jay,’ and then I looked and the car — I saw the car lunge and hit us.” He did not remember Sherri shouting anything. But he did state, in effect, that he could have stopped within the median if he had heard any warning which Sherri might have shouted.
Sherri deposed: “Well, just before we got to the median strip something made me look out my window and I saw a car coming and I screamed at Jay, and when he slowed I thought he was going to stop at the median strip. That’s when I noticed the car.” (Emphasis added.)
In Carraway v. Revell, Fla.1959, 116 So. 2d 16, the Supreme Court of Florida reiterated its test for distinguishing between simple (ordinary) negligence and gross negligence:
“ We think the rule which would more nearly solve the problem than any other would be one which recognized that simple negligence is that course of conduct which a reasonable and prudent man would know might possibly result in injury to persons or property whereas gross negligence is that course of conduct which a reasonable and prudent man would know would probably and most likely result in injury to persons or property. To put it in another way, if the course of conduct is such that the likelihood of injury to other persons or property is known by the actor to be imminent or “clear and present” that negligence is gross, whereas other negligence would be simple negligence.’ ” 116 So.2d 22, 23.
The Court also declared:
“In doubtful cases, the question of whether such negligence is ordinary or gross is, as we have heretofore held, one which under appropriate instructions *514 should be submitted to the jury.” 116 So.2d at 22.
We hold that the variance between the testimony in the depositions makes this a doubtful case within the meaning of Carra-way v. Revell which must be resolved by a jury. The jury must decide (a) whether Sherri shouted a warning before Jay entered the median strip,- and (b) whether Jay heard the warning and disregarded it.
Reversed and remanded for trial.